United States District Court
Southern District of Texas
FILED

MAR 18 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

B-02-052

UNITED STATES OF AMERICA
Plaintiff

Vs

Case Number101cr00218001

ALFONSO RAMIREZ CRUZ
Defendant

REQUEST[MOTION] TO VACATE, SET ASIDE AND TO REVIEW AND RECONSIDER AND PERHAPS CURE THE PREVIOUSLY ENTERED CONVICTIONS AND SENTENCES UNDER 18 USC 3582[c][2],AND 1B1.10, AND ALSO PURSUANT TO 28 USC 2241 & 2255.

Defendant herein[through the undersigned] seeks an order allowing the court to vacate , Set aside , so it may review and reconsider the[ convictions] and sentences previously entered And imposed thereto, pursuant to the above described rules of the CFR.

To support his request[s] hereto, defendant sets forth as follows

IN RE USA vs Ramirez Cruz
101cr00218001

ISSUES BEING SUBMITTED FOR REVIEW

WHETHER THE COURT COULD HAVE CONSIDERED THE DEFENDANT CRIMINAL HISTORY IN ADOPTING THE GUIDELINE RANGE SETS FORTH IN THE PSI REPORT AND/OR WHETHER THE 16 POINTS ENHANCEMENT WAS REASONABLE.

WHETHER THE SENTENCING COURT SHOULD HAVE FAIRLY AND REASONABLY CONSIDERED THE DEFENDANT IMMIGRATION STATUS , UPON ADOPTING THE GUIDELINE RANGE SETS FORTH THROUGH THE PSI REPORT.

The defendant [herein] responds in the affirmative to both question[s] and issues.

STATEMENT OF THE CASE

IN RE  1 01 CR 00218  001

Alfonso Ramirez Cruz is the subject of a single count indictment filed by a Federal Grand Jury in Brownsville, The Southern District Of Texas. The Indictment charges [the ] defendant with unlawfully being present in the United States after deported, after being convicted [prev] previously of an aggravated felony, in violation of 8 USC 1326[a]and [b] the Indictment  had [   ] been filed on April 24,2001.

PROCEEDINGS IN [THE] DISTRICT COURT

THE GRAND JURY CHARGES

On or about  April 10,2001, the defendant herein[named]

ALFONSO RAMIREZ CRUZ
aka/NONE

herein [named] was  found  by a United States Border Patrol Agent crossing the Rio

IN RE  USA vs. Ramirez Cruz
    101cr00218001

Grande River , approximately one [1] mile west of the Brownsville, Texas Gateway Port of

Entry, in the Southern District  of Texas,  after being previously deported from the United

States for a felonious  conviction, in violation of 8 USC 1326 [a] and [b] [2]. He had not applied

before the Attorney General Of the United States for a permit  before he re enters the United

States.


A TRUE BILL


IN RE USA  vs  Alfonso Ramirez
    101cr00218001

IN RE USA vs Ramirez Cruz
101cr00218001

THE OFFENSE CONDUCT

On April 10,2001, subsequent to his deportation for a previous felony conviction, defendant was seen crossing the Rio Grande River by a United States Border Patrol agent ap proximately one[1] mile West of the Brownsville, Texas Gateway Port of Entry. Through his apprehension, defendant claimed that his name to be Antonio Cruz Ramirez. But subsequent to being transported to Immigration Headquarters, the defendant revealed [that] his true name is Alfonso Ramirez Cruz. Official records showed that he'd been deported previously from the United States to Mexico at the Port of [Entry] El Paso on or about July 22,1994. He did not applied to the Attorney General of the United States for a permit of entry before he re enters the United States.

BASIS FOR JURISDICTION

INDICTMENT

THE GRAND JURY CHARGES

IN RE USA vs Ramirez Cruz
101cr00218001

COUNT ONE

On or about April 10,2001, in the Brownsville Division of the Southern District of Texas,

ALFONSO RAMIREZ CRUZ
aka/None

defendant herein, an alien previously deported and removed from the United States, was found present in the United States at Brownsville, Texas, without procuring the consent of Attorney General of the United States to [re] enter the United Stated , in violation of Title 8 United States Code , Section 1326.

IN RE USA vs Ramirez Cruz
101cr00218001

IN RE  USA  vs  RAMIRAZ CRUZ
101CR00218 001

This request for review is from  the criminal conviction of defendant Alfonso Ramirez Cruz in connection with the un lawful  re entry into the United States in violation of 8 USC 1326.

This court has jurisdiction over this matter as, it is from a final judgment entered within the District count geographical Jurisdiction pursuant to 28 USC 1291 and 1294[1].

The defendant is in  custody under the service of 41 months term of imprisonment impose on  July 30, 2001. And based upon his earnings statutory good time credits under 18USC 3624, the  estimate release is [  August of 2004        ].

IN RE USA vs Ramirez Cuz
101cr00218001

SATEMENT OF FACTS

On April 10,2001, the defendant [herein] along with other individual, a male was seen and observed crossing the Rio Grande River, by a Border Patrol agent. He was approximately west of the Brownsville, Texas Gateway Port of Entry. Records files indicate Mr. Ramirez Cruz had previously been deported from the United States to Mexico and that he had applied to the United States Attorney for admission to the United States, in violation of 8 USC 1326 [a] and[b] [2]. Defendant was then appointed counsel for representation by the Court for all practical purposes.

On May 03,2001, defendant along with counsel, appeared before the United States Magistrate John Black, in Brownsville, and entered a guilty plea to the indictment. No plea agreement was entered in this case.

A pre sentence investigation was ordered ..A 16 points enhancement was adopted by the United States Probation through the PSI Report, for defendant previous felonious conviction. He'd previously been sentenced to 21 months i n prison for possession of marihuana in the Southern District of Texas, Brownsville Division., and also a 3 years[s] of Supervised Release had been imposed in connection with a[n] unlawful entry charge[s] back on 03/08/1991.

This defendant is a citizen and national of the Republic of Mexico and had been living in Mexico for the [last ] 7 years preceding the events giving rise to the instant case. Records show he's the father of 3 children and also a husband . His wife and children live in Tamaulipas Mexico.. He has other family members living in the United States. This defendant does not have a significant criminal history. He only has one previous felony conviction stemming from a marihuana possession in 1993 and a n unlawful entry to the United States in 1991.

Prior to the events giving rise to the defendant eventual convictions and sentences[hereto] he had no significant criminal history .And had not returned to the United States for more than 7 years.

Court records show[s] the defendant and counsel [had] argued for a down departure based upon Duress, in that the defendant had returned to the United States so he may obtain relevant proper medication for injuries sustained as a result of [being victim] an assault in Tamaulipa[s], Mexico in [date]. [ see page 7 of PSI Report, at Paragraph 30].

He had underwent surgery subsequent to the attacks. Defendant explained on the records, he wanted to have an opportunity to obtain proper care[s] and adequate medication[s] [ see 5K2. 12. USSG]. citing Coercion through Duress.

He did not file a direct appeal

Defendant had been placed into , not a [regular FCI] Facilities pursuant to the BOP or Bureau of Prison, but rather a privately owned Corrections Complex affiliated with and or under contract with the BOP. at the [said] facilities, defendant does not have access to all adequate medical care[s]. [Defendant has been in continuous needs for medical care[s] as a result of his

[sustained wound[s] ]
IN RE 101CR00218001

Further, he may not participate in basic institutional program[s] and project[s] such as Half way House, Substance Abuse Program[s] offered by the prison to inmate of comparative sentence[s]. In other words, it's fair to say [that] this defendant convictions and sentences are being spent in much harsher circumstances than other inmates with similar sentences. [see USSG 5K2.0]

At Cornell Corrections, defendant does not have the benefit of being permitted to study a full course of High School Equivalency Program, a Trade school Project and even a Work Release Program etc...., and Parenting Project etc...

Defendant while in prison, has been of good conduct. He had shown effort[s] of being rehabilitated despite of, that process at this point , is being hampered by the lack of and/or the ability to be permitted to participate in the most basic[s] of prison project and/or program[s].

The judgment and Commitment attached to this case show[s] that Mr Ramirez Cruz ' substantial right[s] are being affected by the failure[s] of the BOP to allow [him ] to take part and or go through a rehabilitation process consistent to the sentences dictated by the Court.

IN RE 101CR00218001

SUMMARY ARGUMENT

The issues here being raised by Mr Ramirez Cruz are whether the court should have considered the issue of Duress and perhaps adopted a departure from the Guidelines ranges [ 5K2.12 USSG] and whether he should be granted a departure based upon the immigration status issue[ as well].

Defendant responds in the affirmative.

Court record[s] show[s] that Mr. Ramirez Cruz may have returned to the United States because of Coercion and Duress. In that he was forced to the United States so he may obtain proper medication for wounds sustained on unrelated circumstances.[ 5K2.12]

Further, under reasonable circumstances, the may and perhaps should have considered the defendant immigration status as a [relevant] factor which the Commission again did not anticipate in formulating the USSG.

Consequently, Mr .Ramirez Cruz , the defendant herein, argues that his sentences should for violation of 8 USC 1326 [a] [b] should be vacated and set aside, remanded for further reviews and [for] resentencing, etc..,

IN RE 101CR00218001
USA vs Ramirez Cruz

[Brief Format]

ARGUMENT

STATEMENT OF REVIEW[S]

The 5th Circuit reviews de novo the application of the USSG And, further, the sentencing court retains [discretion] to depart from guidelines if it finds mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating guidelines. U.S vs Brown C.A.9 [Cal] 1993 895 F2d 478.

see the issue of Duress [ USSG 5K2.12] The court on its own motion may depart where there is aggravating or mitigating circumstance[s] of a kind and or to a degree not adequately taken into consideration by the Sentencing Commission in formulating guidelines U.S vs Bates, C.A.. 5 [Tex] 1990 886 F2d 912. 496 U.S 929,110 L.Ed.2d 648. 496 U.S 942 110 L. Ed 2d 673.

See also 5K2.0 of the USSG. Also, see United States vs. Mignott, C.A. 11 [FLa] 1999,184 F3d 1288. citing the Immigration issue[s]. Issue not adequately taken as factor by the Sentencing Commission of the USSG [Collateral consequences].

IN RE USA vs Ramirez Cruz
101cr00218001

CONCLUSION

For the foregoing reason[s], these matters should be put over for further proceedings and [hence] [further] review[s] etc..

Yours etc.., Alfonso Ramirez Cruz

Alfonso Ramirez Cruz
Defendant

OFFENSE CONDUCT ______________________________

PROCEEDINGS IN DISTRICT COUNT ______________________________

SATATEMENT OF THE ISSUES PRESENTED FOR REVIEW ______________________________

STATEMENT OF THE CASE ______________________________

STATEMENT OF CASES AND PRECEDENTS ______________________________

STATEMENT OF [THE] AUTHORITIES ______________________________

STATEMENT OF FACTS ______________________________

SUMMARY ARGUMENT[S] ______________________________

ARGUMENT ______________________________

BRIEF FORMAT ______________________________

COCLUSION ______________________________

AFFIRMATION ______________________________

UNITED STATES DISTRICT COUNT
SOUTHERN DISTRICT COUNT OF TEXAS
BROWNSVILLE DIVISION

THE UNITED STATES OF AMERICA
Plaintiff

vs

ALFONSO RAMIREZ CRUZ
Defendant

---

101 cr 0021 800 1

STATEMENT OF THE CASES AND PRECEDENTS

United States vs Browns
C.A 9 [Cal] 1993
895 F2d 478 ______

United States vs. Bates CA
5th Cir.[Tex] 1990
886 F2d 912 ______

496 U.S 929,110 L Ed
27d 648 ______

496 U.S 942
110 L Ed 2nd 673 ______

United vs Mignott C A 1999
184 F3d 1288 ______

# STATEMENT OF [THE] AUTHORITIES

28 USC 1291 ____________________

28 USC 1294 [1] ____________________

8USC 1326 ____________________

8 USC 1326 [a] [b] [2] ____________________

USSG ____________________

USSG 5K2.12 ____________________

USSG 5K2.0 ____________________

AFFIRMATION

I certify [that] I have mailed and submitted a true and accurate copy/copies of the foregoing to the Offices of the United States Attorney/Assistant United States Attorney[ ] at 600 East Harrison

Brownsville, Texas 78520

By Alfonso Ramirez Cruz

Alfonso Ramirez Cruz
[Defendant]