IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALFONSO RAMIREZ-CRUZ, | § | |
| Petitioner | § | |
| | § | |
| vs. | § | C.A. B-02-052 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |
| (C.R. NO. B-01-218) | § | |

### GOVERNMENT'S RESPONSE AND MOTION TO DISMISS RAMIREZ' MOTION FOR RELIEF UNDER 28 U.S.C. § 2241, 2255 & 18 U.S.C. §3582

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government," files this response and motion to dismiss Ramirez' motion for relief under 28 U.S.C. § 2255. In support thereof the government would show the Court the following:

I.

### JURISDICTION

On April 24, 2001, the Grand Jury for the United States District Court for the Southern District of Texas, Brownsville Division, filed an indictment, Criminal Case No. B-01-CR-218, in which Ramirez was charged with illegal re-entry by being found in the United States in violation of 8 U.S.C. §1326(a) and (b) (DOC 1). On May 3, 2001, Ramirez pled guilty to the indictment (DOC 6). On May 24, 2001, Ramirez objected to the PSR, which was essentially a motion for downward departure based upon Ramirez' claim that his criminal history score over-represented his true criminal history (DOC 10; PSR Add.). Ramirez' sentence was imposed on July 30, 2001. The court denied his motion for downward departure

and his objection to the PSR (DOC 14). The district court found that Ramirez' total offense level was 21 and his criminal history score placed him in criminal history category III (DOC 15). The applicable guideline range was 46-57 months (DOC 15). The district judge ordered Ramirez to serve the minimum sentence of a forty-six month term of confinement that was to be followed by a three-year term of supervised release (DOC 15). Ramirez' judgement was entered on August 9, 2001 (DOC 15).

Ramirez did not directly appeal his conviction or sentence. Consequently, Ramirez' judgment of conviction and sentence became final on August 19, 2001.

Ramirez timely invoked this Court's jurisdiction under 28 U.S.C. §2255 on March 18, 2002. The Court ordered the government to respond to Ramirez' motion by July 12, 2002 and file a copy of his re-arraignment and sentencing transcripts. The government has ordered said transcripts and has received the transcripts. The government files its response along with the ordered transcripts.

II.

## STATEMENT OF FACTS

Ramirez is a Mexican citizen. On April 8, 1993, he was convicted of importing more than fifty kilos of marihuana into the United States in B-93-016. Following the service of his imprisonment, he was deported to Mexico. On April 10, 2001, Ramirez was observed to cross the Rio Grande 1 mile west of the Brownsville Port of Entry. He initially provided a false name to Border Patrol. Eventually, his true identity was revealed. Immigration and Naturalizaton Service

(I.N.S.) records revealed he had not received permission from the Attorney General to re-apply for admission (PSR 3, 4).

## GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, 2241 and 18 U.S.C. §3582[1], Ramirez advances the following issues:

(1) Whether under 28 U.S.C. §2241 Ramirez is receiving adequate medical care through the Bureau of Prisons;

(2) Whether under §2241 his ineligibility for beneficial programs within the prison due to his illegal status within the country represents an equal protection violation;

(3) Whether under §2255 the district court should have considered duress and his illegal status in determining whether Ramirez should have been granted a downward departure under the Federal Sentencing Guidelines.

## IV.

## RESPONSE AND MOTION TO DISMISS

A. <u>Jurisdiction of claim of Inadequate medical care and ineligibility for beneficial programs due to alien status.</u>

Claims of inadequate medical care in prison and ineligibility for beneficial programs in confinement are not cognizable under 28 U.S.C. §2255. The complaint does not attack the conviction or sentence itself, it relates rather to a

---

[1] Although Ramirez invokes 18 U.S.C. §3582, he does not allege that he would benefit from any changes in the Guidelines.

3

complaint regarding the execution of the sentence. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)(inadequate medical care); *United States v. Recinos-Gallegos*, 151 F.Supp.2d 659, 660 (D. Md. 2001)(aliens ineligible for early release programs and drug treatment)(citing *United States v. Acevedo*, 246 F.3d 682, 2001 WL 280485 [10th Cir. 2001]); *Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166, 1169 (S.D. Cal. 2000). Such claims are cognizable under 28 U.S.C. §2241, but jurisdiction under §2241 is found in the district where Ramirez is confined, Big Springs Texas, the Western Judicial District of Texas. *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990).

B.  <u>General Standard of Review for 28 U.S.C. §2255.</u>

To be entitled to relief under 28 U.S.C. § 2255, a defendant must show that a violation of his constitutional rights or that a narrow range of injuries that could not have been raised on direct appeal has occurred that would result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert denied*, 516 U.S. 1165, 116 S.Ct. 1056 (1996). When constitutional issues are raised for the first time on collateral review, a movant must establish both cause for his procedural default and actual prejudice resulting from the error. *Id.* at 934. Absent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to overcome a procedural default. *Id.* (citing *United States v. Acklen*, 47 F.3d 739, 742 [5th Cir. 1995]).

C.  <u>The sentencing court correctly applied the sentencing guidelines to Ramirez' case</u>.

4

Ramirez' contention that the district court incorrectly applied the sentencing guidelines by failing to grant him a downward departure does not raise constitutional concerns which are cognizable under § 2255. "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F2d 367, 368 [5th Cir 1992]). Furthermore, technical application or misapplication of the sentencing guidelines does not raise a constitutional issue cognizable under §2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 [5th Cir. 1992]). Moreover, since this claim involves an application of sentencing guidelines, which is not a constitutional issue, it should be dismissed.

Additionally, in the context of this complaint, there is no appellate review of a district court's discretionary decision to decline to depart from the Guidelines. *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001).

A §2255 motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. §2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

5

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The instant cause does not merit a hearing.

The government prays that the court enter an order dismissing Civil Case No. B-02-052.

                              Respectfully submitted,

                              MICHAEL T. SHELBY
                              United States Attorney

By: _____
       MARK M. DOWD
       Assistant United States Attorney
       600 E. Harrison, # 201
       Brownsville, Texas, 78520
       Tx. Bar # 06070500
       Fed ID # 9314

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss has been mailed on this the 12 day of July, 2002, via certified mail, return receipt requested to:

    Mr. Alfonso Ramirez-Cruz, *pro se*
    Reg # 62783-079
    Federal Correctional Institution
    1801 W. I-20
    Big Springs, TX  79720

                              _____
                              MARK M. DOWD
                              Assistant United States Attorney

IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALFONSO RAMIREZ-CRUZ,<br>    Petitioner | § § § | |
| vs. | § | C.A. B-02-052 |
| | § | |
| UNITED STATES OF AMERICA,<br>    Respondent<br>(C.R. NO. B-01-218) | § § § § | |

## ORDER

It is hereby ordered that Alfonso Ramirez-Cruz' Motion for Relief under 28 U.S.C. §2255 and 18 U.S.C. §3582 is dismissed. His motion is ordered transferred to the Western Judicial District of Texas, Midland Division, for review of his claims under 28 U.S.C. §2241.

SIGNED this _____ day of _____ 2002.

_____
UNITED STATES DISTRICT JUDGE