UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 17 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| ALFONSO RAMIREZ-CRUZ, | § | |
|---|---|---|
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-052 |
| | § | CRIMINAL NO. B-01-218 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Alfonso Ramirez-Cruz has filed a timely Motion for Relief under 28 U.S.C. §§ 2241, 2255 & 18 U.S.C. § 3582. For the reasons set out below, Petitioner's Motion for Relief should be DENIED.

### BACKGROUND

On April 24, 2001, Petitioner was charged by indictment with illegal re-entry, in violation of Title 8 U.S.C. §§ 1326(a) and 1326(b). Petitioner was arrested for unlawful reentry into the United States after being previously deported from the United States due to his conviction for importing more than fifty (50) kilograms of marijuana into the United States on April 8, 1993. Petitioner pleaded guilty to the indictment on May 3, 2001. On May 24, 2001, Petitioner objected to the Pre-Sentencing Report (PSR), claiming that his criminal history score over-represented his true criminal history. The district court found that Ramirez' total offense level was twenty-one (21) and his criminal history score placed him in Criminal History Category III. The applicable guideline range was forty-six (46) to fifty-seven (57) months. On August 9, 2001, the district judge ordered Ramirez to serve the minimum sentence of forty-six months imprisonment, followed by a three-year term of supervised release. Petitioner did not directly

appeal his conviction, and the sentence became final on August 19, 2001. On March 18, 2002, Petitioner filed this timely Motion for Relief under 28 U.S.C.§ 2255, 2241 & 18 U.S.C. § 3582.

## ALLEGATIONS

Petitioner Ramirez-Cruz seeks relief under 28 U.S.C. §§ 2241, 2255 & 18 U.S.C. § 3582,[1] and alleges the following claims:

(1) Ramirez claims that he is not receiving adequate medical care through the Bureau of Prisons. In addition, he claims that his ineligibility for beneficial programs within the prison, such as substance abuse programs and GED programs, due to his illegal status within the country, represents an equal protection violation.

(2) Ramirez claims that the district court should have considered duress and his illegal status in determining whether he should have been granted a downward departure under the Federal Sentencing Guidelines.

## ANALYSIS

### Inadequate Medical Care and Ineligibility for Beneficial Programs Claims

Claims of inadequate medical care and ineligibility for beneficial programs in prison relate to complaints regarding the execution of the sentence.[2] Such claims are cognizable under 28 U.S.C. § 2241. Jurisdiction under § 2241 is found in the district where the Petitioner is confined.[3] In this case, Ramirez is confined in Big Springs, Texas, the Northern Judicial District

---

[1] Although Petitioner Ramirez invokes 18 U.S.C. § 3582, he does not allege that he would benefit from any changes in the Guidelines.

[2] See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); United States v. Recinos-Gallegos, 151 F.Supp.2d 659, 660 (D. Md. 2001); Lizarraga-Lopez v. United States, 89 F.Supp.2d 1166, 1169 (S.D. Cal. 2000).

[3] United States v. Gabor, 905 F.2d 76, 77 (5th Cir. 1990).

of Texas, and his claims should be transferred for review under 28 U.S.C. § 2241.

## Duress Claim

To be entitled to relief under 28 U.S.C. § 2255, a defendant must show that there was a violation of his constitutional rights that could not have been raised on direct appeal that would result in a complete miscarriage of justice.[4] Non-constitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."[5] When constitutional issues are raised for the first time on collateral review, a movant must establish both cause for his procedural default and actual prejudice resulting from the error.[6] "Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."[7] Technical application or misapplication of the sentencing guidelines does not raise a constitutional issue cognizable under 28 U.S.C. § 2255.[8]

In this case, Ramirez claims that the district court incorrectly applied the sentencing guidelines by failing to grant him a downward departure. Specifically, Ramirez contends that the district court should have considered duress and his illegal status in determining whether he should have been granted a downward departure. Ramirez and his counsel had argued for a

---

[4] United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995), cert. denied, 516 U.S. 1165 (1996).

[5] United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

[6] Id. at 934.

[7] United States v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

[8] United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

downward departure based on duress in that Ramirez had returned to the United States so he may obtain proper medical care for his injuries. Ramirez also argues that his illegal alien status prevents him from participating in beneficial programs in prison. These claims do not raise constitutional concerns which are cognizable under 28 U.S.C. § 2255. Petitioner did not file a direct appeal, therefore, there is no appellate review of a district court's discretionary decision to decline to depart from the guidelines.[9] These claims involve the application of sentencing guidelines, which is not a constitutional issue, and should be dismissed.

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's Motion for Relief under 28 U.S.C. §§ 2255 and 18 U.S.C. § 3582 be DENIED. It is also recommended that Petitioner's complaints regarding the execution of his sentence, under 28 U.S.C. § 2241, be transferred to the Northern District of Texas, Abilene Division.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

---

[9] See United States v. Cooper, 274 F.3d 230, 248 (5th Cir. 2001).

[10] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this \_\_\_16th\_\_\_ day of July, 2002.

_____
Felix Recio
United States Magistrate Judge